[File No. 6635.]

RUTH WISETH, Appellant, v. TRAILL COUNTY TELEPHONE COMPANY, a Corporation, Respondent.

(291 N. W. 689.)

Opinion filed April 16, 1940.

*S. Theodore Rex* and *C. F. Peterson,* for appellant.

*Charles H. Shafer,* for respondent.

BURR, J.   Since prior to January 3, 1929, the defendant operated a telephone exchange in the city of Hillsboro and surrounding territory in this state.

The plaintiff alleges:  She was regularly employed by the defendant as a telephone operator since January 23, 1929, and worked at least

forty-eight hours per week; that under the provisions of the minimum wage laws of this state and the rules and regulations issued in conformity therewith, she was entitled to a certain schedule of wage set forth in her complaint, and that while she was working for the defendant, during the years 1931 to 1938 inclusive, she was underpaid by the defendant in the sum of $1,208.16; that when she made demands upon the defendant on the 24th day of March, 1938, for the amount due her, the demand was refused and she was discharged from her employment because of her demand for back wages. She asks judgment for $1,208.16 with interest and reasonable attorneys' fees.

The defendant alleges that more than six years elapsed since April 5, 1932, and the date of the commencement of the action, and therefore, any claim for wages prior to April 5, 1932, is barred by the statute of limitations.

The defendant admits that in February, 1922, "the workmen's compensation bureau promulgated and issued an order known as 'Telephone Occupation, Minimum Wage Department Order No. 5,' . . . effective on the 4th day of April, 1922. That said Order No. 5 purports to and does regulate and govern the wages, hours and conditions under which female employees shall work in Telephone Exchanges. . . . that said Order No. 5 is still in full force and effect and has been in full force and effect continuously since the 4th day of April, 1922. . . ."

The defendant admits that the plaintiff was employed as a part time telephone operator between October 1, 1931, and April 1, 1938, and alleges that on an average she worked but forty-six hours per week.

The defendant alleges that on or about March 16, 1932, it "made application to the workmen's compensation bureau of the state of North Dakota for classification as a rural exchange, . . . That under date of April 7, 1933, the minimum wage department of the compensation bureau . . . advised and authorized that the Traill County Telephone Company Exchange, . . . be classified as a rural exchange, and as provided by M. W. D. Order No. 5, and that the schedule of hours and wages pertaining to any and all operators employed by and in said Traill County Telephone Company's Exchange, . . . should be governed by the provisions of said M. W. D. Order No. 5 pertaining to rural exchanges."

The defendant alleges further that thereafter the parties entered into negotiations regarding the schedule of wages and hours and arrived at an agreement, and the plaintiff worked thereafter under the terms of said agreement; that she had at no time made any complaint to the minimum wage department or to the defendant that she was dissatisfied with her hours of labor or rate of wage; and denies it unlawfully discharged her, or is indebted to her.

On the trial of the case, the defendant "conceded liability for the difference between the wages actually paid . . . from May, 1932, until April 7, 1933, and the minimum wages prescribed" by the minimum wage department Order No. 5.

The case was tried to the court without a jury. The court entered judgment for the plaintiff for the amount conceded with interest and .$50 attorney's fee—$296.50 in all—and ordered the plaintiff's claim for wages due subsequent to April 7, 1933, be dismissed. Judgment was entered accordingly, and the plaintiff appeals, demanding a trial de novo.

The district court, over the objection of the plaintiff, admitted in evidence, Exhibit B, purporting to be the order of the workmen's compensation bureau, under which the defendant company claims to be classified as a rural telephone company. The memorandum decision of the trial judge makes it apparent the case was decided upon the theory that this Exhibit B was a direction permitting classification as a rural exchange under the provisions of the "Telephone Occupation, M. W. D. Order No. 5."

The appellant alleges as error: the receipt of this Exhibit B in evidence; the conclusion of the court that the validity of the so-called classification of defendant as a rural telephone exchange cannot be attacked collaterally; and the dismissal of the plaintiff's demand for further payment of wages subsequent to April 7, 1933. It is not claimed that the court was in error in holding the claim for wages prior to April, 1932, was barred by the statute of limitations.

Under the provisions of §§ 396b1, et seq., Supp., the workmen's compensation bureau was authorized and empowered to establish standards of hours of employment and of minimum wages for women. On February 3, 1922, it issued this Order No. 5, relative to telephone operators, which, among other provisions, included the following: "In

48

towns or cities of less than 500 population and in rural telephone exchanges, arrangements of operator's schedules, maximum number of hours per day and the maximum number of days per month shall be arrived at by mutual agreement between the employer and the employees; such agreement to be made known to the Bureau. Where said parties cannot agree, the matter shall be referred to the Minimum Wage Department of the Workmen's Compensation Bureau for adjustment."

This Order No. 5 was introduced in evidence as Exhibit 19, and received without objection. The larger portion of it is set out in full in the plaintiff's complaint, as the order of the bureau, and the defendant in its answer admits this was promulgated as alleged. In the trial of the case, the manager of the defendant company was shown this Exhibit 19, and he said, "I am sure I saw this particular one." He testified further that he had a copy of it posted in the place of business of the defendant company ever since 1922. This order remained in effect from that time on.

Nothing is shown to us in the law of this state or in any rule or regulation of the bureau defining a rural exchange. (The commissioner of agriculture and labor set forth a definition later.)

The courts take judicial knowledge of the fact that at all times involved, Hillsboro was a city with a population of over five hundred inhabitants. The bureau established standards of hours and wages for women workers in telephone exchanges operating in towns of five hundred inhabitants and over. The defendant operated its telephone exchange in Hillsboro. The burden of showing the defendant was thereafter classified as a rural exchange is upon the defendant.

The defendant admits the applicability of Order No. 5 to its telephone exchange in Hillsboro unless modified later, and concedes that, at least up to April, 1933, it had violated the order, prescribing minimum wages and hours of labor. The defendant does not claim it was a rural exchange during that period.

To avoid the application of this Order No. 5 to the period subsequent to April, 1933, the defendant relies upon Exhibit B, purporting to be a reclassification.

Exhibit B is a letter, on the stationery of the bureau, dated April 7, 1933, addressed to Mr. G. McLain Johnson, conceded to be the attor-

ney for the defendant at that time. This letter contains the following paragraph:

"This letter will be your authority to advise your client, the Traill County Telephone Company, that it will be permissible to classify their exchange as 'rural' in the future and they may be governed by the rules regulating such a classification. Very truly yours,

"Minimum Wage Department
"By John Garberick,
"Secretary."

The defendant offered this Exhibit B in evidence as an order classifying this exchange as a rural exchange. If the exchange be classified as a rural exchange, then the employer and the employee may make a mutual agreement as to the "arrangement of operator's schedules, maximum number of hours per day and the maximum number of days per month. . . ."

The plaintiff objected to the introduction of this exhibit on the ground that the defendant "is purporting to offer an action of a board or commission without proper certificates, without any proof that any action was taken or any findings made, no certification by the proper keeper of the records. It is merely a letter from some subordinate officer of a bureau, and thereby attempting to establish a bona fide case of an exception to the general ruling of the bureau. We say that is not competent proof. He has no certification from anybody that that was the record of the bureau, and we hold it is inadmissible."

The plaintiff introduced Exhibits 1 to 12 inclusive, eleven being copies of correspondence between the defendant and the minimum wage department leading up to the issuance of Exhibit B. These copies are certified to as being true and correct copies of the correspondence. From these we find the manager of the defendant wrote to the minimum wage department in August, 1931, inclosing an affidavit showing the number of local and the number of rural subscribers (Exhibits 1 and 2); the secretary of the minimum wage department answered on October 1, 1931, by Exhibit 3, showing that Hillsboro "is a town of approximately 1,500 people, it does not appear on the face of the matter that conditions of work at the exchange would be so light as to justify its being exempt from operations of the eight hour law simply be-

cause there are more rural subscribers than town subscribers. . . ."

On November 2, 1931, the defendant's manager (Exhibit 4) says "the population in Hillsboro is a scant 1300," and the defendant proposed to employ three operators. To this letter, someone with the initials of R. E. W., signing himself Chairman, replied on December 2, 1931 (Exhibit 5) that he did not see "how it would be possible for us to designate Hillsboro as a rural telephone. Your town is far over the five hundred mark, but, of course, you might be able to show that you have more rural telephones on your line than you have city telephones. . . ."

By Exhibit 6 and Exhibit 7 the defendant, on March 16, 1933, petitioned the minimum wage department to classify the defendant as a rural exchange, and accompanied this with an affidavit, Exhibit 8, showing 221 local subscribers and 279 rural subscribers at the Hillsboro Exchange. On March 24, 1933, Mr. G. McLain Johnson, writing to the secretary of the minimum wage department on behalf of the defendant (Exhibit 9) inclosed an application to have the telephone company changed "from a city exchange to a rural exchange." The secretary of the minimum wage department (Exhibit 10) wrote to the commissioner of the workmen's compensation bureau on April 3, 1933, inclosing Mr. Johnson's letter and stating to the bureau: "After studying both files it is evident that the conditions with respect to local and rural subscribers are about the same now as they were in 1931."

On April 7, 1933, the secretary of the minimum wage department sent to G. McLain Johnson this Exhibit B, also marked Exhibit 11. Exhibit 12 is the certificate of Maude F. Hample attached to all of this correspondence (Exhibits 1 to 11) and says in part, "I further certify that there is no record of any further proceedings or action taken by the Minimum Wage Department or the Workmen's Compensation Bureau relative to the matter of the application of the Traill County Telephone Company for classification as a rural telephone Exchange."

This certificate is dated November 15, 1938, and sworn to before a notary public. But such certificate is not evidence of the statement made therein as to there being no record of any further proceedings. See Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Sykes v. Beck, 12 N. D. 242, 96 N. W. 844. It must be clear from the correspondence

that there is no record showing foundation for the claim that Exhibit B is an authorization or order of the bureau classifying the defendant as a rural exchange.

This letter, Exhibit B, carries with it no presumption that the bureau authorized its issuance, or that the secretary was authorized to make the statement contained therein. The presumptions which may attach to the regularity of the proceedings of a board or commission do not apply with respect to this exhibit.

Under Order No. 5, "No employer shall employ any experienced woman in any telephone exchange in the state of North Dakota in towns of 1800 population and over at a weekly wage rate of less than $14.00; nor in towns of under 1800 at a weekly wage rate of less than $12.00."

The provisions of Order No. 5, dealing with rural exchanges and mutual agreements between employer and employees therein, do not purport to limit or change in any way the wage rate.

Without this Exhibit B, it is clear the judgment dismissing the plaintiff's claim for wages subsequent to April, 1933, cannot be upheld.

Exhibit B is not an order of the bureau. It is merely a statement by the secretary. It does not even purport, on its face, to be authorized by the bureau, nor does it refer to any order of the bureau. Nowhere is it stated who authorized the secretary to make the statement.

Chapter 162 of the Session Laws of 1935 transferred the duty of enforcing the minimum wage and hour law for women workers from the bureau to the commissioner of agriculture and labor. On October 15, 1936, this commissioner issued an "emergency amendment to Telephone Order No. 5" containing this provision:

"I hereby authorize the Secretary of the Minimum Wage Department, who is administering the Minimum Wage Law, that she is permitted to allow a modification of wages, in instances where relief operators are employed in rural telephone exchanges, according to the circumstances and conditions surrounding each case.

"A rural telephone exchange is defined as one in which not more than one operator is required at the switchboard at any time, service emergencies excepted.

"Each case to be acted upon separately after ascertaining conditions in the place in question."

There is no claim that thereafter the secretary of the minimum wage department classified the defendant company as a rural exchange, even if the commissioner of agriculture and labor could delegate such power to the secretary. The defendant's defense is predicated upon the validity of Exhibit B.

In its brief the defendant says: "The defendant relies upon defendant's Exhibit "B," purporting to be an authorization from the Commission to the defendant, to consider its telephone exchange at Hillsboro, North Dakota, as a rural exchange, and thus fall outside the requirement of M. W. D. Order No. 5."

Prior to the transfer of the duty of enforcing the minimum wage law to the commissioner of agriculture and labor, that duty devolved upon the compensation *bureau*. It was the *bureau* that had jurisdiction.

The trial court was in error in receiving Exhibit B, over the seasonable objection of the plaintiff, and in construing it as a classification of the defendant by the bureau. Without Exhibit B the defense that the provisions of the minimum wage law are not applicable to the defendant is not substantiated. Hence the court was not justified in ordering the dismissal of the plaintiff's claim for further payment of wages.

As the defendant may be in position to substantiate its defense, judgment will not be ordered for the plaintiff. The judgment, however, is reversed and a new trial ordered.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.